FILED
OCT 7 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. **4:20CR00633 HEA/PLC** |
| RANDY GARDNER, ) | |
| Defendant. ) | |

**INDICTMENT**
**(FALSE STATEMENT)**

The Grand Jury Charges that:

1.  At all times relative to this Indictment, the Safe Drinking Water Act ("the Act"), 42 U.S.C. §§ 300f to 300j-26, is the primary federal statute addressing the quality of public drinking water. The Act gives the U.S. Environmental Protection Agency ("EPA") substantial authority to regulate drinking water and requires that Public Water Systems properly monitor and test the quality of drinking water and distribute safe drinking water to consumers. The Act also establishes a federal-state partnership in which states may be delegated the primary implementation and enforcement authority for their own drinking water programs. At all times relevant to this Indictment and pursuant to the Act, EPA authorized the State of Missouri to promulgate and implement regulations and requirements necessary to administer and comply with the Act.

2.  The Cities of Hornersville, Missouri, and Arbyrd, Missouri, each have their own public water system which supplies drinking water to their residents, greater than 600 people for Hornersville and slightly more than 500 for Arbyrd.

3.	Pursuant to federal regulations at 40 C.F.R. § 141.21 and Missouri regulations at 10 C.S.R. § 60-4.020, the Public Water Systems for the Cities of Hornersville and Arbyrd are required to collect at least one monthly total coliform sample at sites which are representative of water throughout the distribution system. Under the implementing regulations, drinking water that is supplied by the Cities of Hornersville and Arbyrd must meet several parameters and standards and include the sampling of bacteriological contaminants including fecal coliform.

4.	At all times relevant to this Indictment, Defendant **RANDY GARDNER** was the water operator for the Public Water Systems in Hornersville and Arbyrd. As the water operator for these Public Water Systems, Defendant **RANDY GARDNER** was the individual responsible for collecting the monthly samples, as well as the one responsible for reporting the results of such samples to the Missouri Department of Natural Resources ("MDNR").

5.	At all times relative to this Indictment, Defendant **RANDY GARDNER** lived in a home which received its water from the Dunklin County Public Water System and not the Public Water Systems of the City of Hornersville or the City of Arbyrd.

6.	On or about June 27, 2017, Defendant **RANDY GARDNER** collected water samples from his home tap and submitted those samples for analysis. As the water operator for Hornersville and Arbyrd, Defendant **RANDY GARDNER** reported in writing to MDNR that he collected water samples from addresses representative of water throughout the distribution system of either the City of Hornersville or the City of Arbyrd as required.

7.	Defendant **RANDY GARDNER** specifically indicated that at least one of the samples came from Hornersville City Hall.

8.	After Defendant **RANDY GARDNER** discovered that the samples tested positive for *E. coli*, he contacted the water operator for the Dunklin County Public Water System to inform that

water operator that there may be a contamination issue with the Dunklin County water. Defendant **RANDY GARDNER** knew this because those positive *E. coli* samples came from his own home faucet.

## Count I
(False Statement)

9. The United States realleges paragraphs 1 through 8 which are incorporated herein as fully set forth.

10. On or about June 27, 2017, within the Eastern District of Missouri,

**RANDY GARDNER**

the defendant herein, knowingly and willfully made a materially false misrepresentation in a matter within the jurisdiction of the EPA, an agency of the executive branch of the Government of the United States, to wit: Defendant **RANDY GARDNER** knowingly falsified material facts in a written report to MDNR about the sampling location and testing results of collected drinking water samples.

In violation of Title 18, United States Code Section 1001.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
DIANNA R. COLLINS, #59641MO
Assistant United States Attorney

3